Todd E. Soloway: tsoloway@pryorcashman.com
Joshua D. Bernstein: jdbernstein@pryorcashman.com
Eric D. Dowell: edowell@pryorcashman.com
PRYOR CASHMAN LLP
7 Times Square
New York, New York 10036-6569
Telephone: (212) 421-4100
Facsimile: (212) 326-0806

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LLEWELLYN CONNOLLY, DODGAR PARTNERS LTD., EDWARD RAZEK, OCEAN VILLA 4 (D.C.) LTD., THOMAS WALKER III, BEACH VILLA V. D.C. LTD., ANDREY IVANOV-GALITSYN, VILLA 7 DELLIS CAY LTD., ESTEFANO ISAIAS, SALINAS ON THE BEACH LTD., STÉPHANE AND SANDRINE PICTET, THOMAS SINGH, UPWEY LTD., MICHAEL TOPR, OCEAN VILLA 2 (D.C.) LTD., MIKAL AND TAMMY WATTS, and 313TW CARIBBEAN INVESTMENTS LTD.,<br><br>Plaintiffs,<br><br>- against -<br><br>CEM KINAY, OGUZ SERIM, O PROPERTY COLLECTION USA, INC., O PROPERTY COLLECTION GMBH, O PROPERTY COLLECTION TCI LTD., TURKS DEVELOPMENT L.P., TURKS GENERAL PARTNERS LTD., TURKS (B.V.I.) HOLDINGS LTD., TURKS LTD., DELLIS CONSTRUCTION LTD., WILLIAM TACON AS RECEIVER OF TURKS DEVELOPMENT L.P. AND TURKS LTD., STEPHEN KATZ AS PROVISIONAL LIQUIDATOR OF DELLIS CONSTRUCTION LTD., MARJORIE KINAY, CENK KINAY, THE SUU HOTELS, TRINIDAD AND TOBAGO UNIT TRUST CORPORATION, MANDARIN ORIENTAL HOTEL GROUP INTERNATIONAL LTD., MANDARIN ORIENTAL MANAGEMENT (BVI) LTD., MER INSAAT, HALIS SUMER, and AVATAR REAL ESTATE SERVICES, LLC,<br><br>Defendants. | Civil Action No. 11-CV-00606 (RJS)<br><br>**DECLARATION OF MICHAEL TOPR** |

# DECLARATION OF MICHAEL TOPR

1. Michael Topr declares as follows:

2. I am a plaintiff in the above-captioned action. As such, I am fully familiar with the allegations set forth in the complaint dated January 28, 2011

3. As described in the Complaint, I purchased a parcel of beach front land on the island of Dellis Cay, located in the Turks and Caicos Islands, from Turks Ltd. ("Turks"), a company that was controlled by defendant Cem Kinay ("Kinay"). I purchased the land through plaintiff Ocean Villa 2 (D.C.) Ltd., which I control. At the same time that I purchased the land, I also (through Ocean Villa 2 (D.C.) Ltd.) contracted with Kinay (through Turks) for the development of a private home (a "Villa") thereon. My land and Villa were to be part of a promised luxury mixed-use property on the island (the "Project).

4. Ocean Villa 2 (D.C.) Ltd. was formed by my Turks and Caicos attorney at or around the time when I closed on the contracts referenced above.

5. Ocean Villa 2 (D.C.) Ltd.'s sole purpose is to own the land parcel and the Villa. It has no employees and no physical address, and is nothing more than a single-purpose holding company with a bank account and a corporate mailing address.

6. Prior to closing, and prior to the formation of Ocean Villa 2 (D.C.) Ltd., Kinay and/or his associates made various representations to me concerning the Project. Among those representations were that the Project: (1) had retained a prominent international construction company to serve as general contractor on the Project; and (2) was fully financed up through the completion of construction in an amount exceeding $200 million. I relied on these representations in making my ultimate decision to buy in to the Project and but for the foregoing misrepresentations, I would not have formed Ocean Villa 2 (D.C.) Ltd.

7. The development contract for the Villa provided for incremental stage payments connected to specific construction milestones (*i.e.*, when the floor slab was poured). I did not pre-fund Ocean Villa 2 (D.C.) Ltd. to cover these stage payments. Rather, I would wire my personal funds to Turks and Caicos after being notified that a particular stage payment was due.

8. I continued to wire funds to Turks and Caicos for stage payments up through that payment connected to completion of the Villa roof. I did so based on Kinay's and/or his associates' representations concerning the status of construction and the financial well-being of the Project. Had I known that the Project was behind schedule and tens of millions of dollars in debt, I would not have made the stage payments.

9. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

_____
Michael Topr