Todd E. Soloway: tsoloway@pryorcashman.com
Joshua D. Bernstein: jdbernstein@pryorcashman.com
Eric D. Dowell: edowell@pryorcashman.com
PRYOR CASHMAN LLP
7 Times Square
New York, New York 10036-6569
Telephone: (212) 421-4100
Facsimile: (212) 326-0806
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LLEWELLYN CONNOLLY, DODGAR PARTNERS LTD., EDWARD RAZEK, OCEAN VILLA 4 (D.C.) LTD., THOMAS WALKER III, BEACH VILLA V. D.C. LTD., ANDREY IVANOV-GALITSYN, VILLA 7 DELLIS CAY LTD., ESTEFANO ISAIAS, SALINAS ON THE BEACH LTD., STEPHANE AND SANDRINE PICTET, THOMAS SINGH, UPWEY LTD., MICHAEL TOPR, OCEAN VILLA 2 (D.C.) LTD., MIKAL AND TAMMY WATTS, and 313TW CARIBBEAN INVESTMENTS LTD., <br><br> Plaintiffs, <br><br> - against - <br><br> CEM KINAY, OGUZ SERIM, O PROPERTY COLLECTION USA, INC., O PROPERTY COLLECTION GMBH, O PROPERTY COLLECTION TCI LTD., TURKS DEVELOPMENT L.P., TURKS GENERAL PARTNERS LTD., TURKS (B.V.I.) HOLDINGS LTD., TURKS LTD., DELLIS CONSTRUCTION LTD., WILLIAM TACON AS RECEIVER OF TURKS DEVELOPMENT L.P. AND TURKSLTD., STEPHEN KATZ AS PROVISIONAL LIQUIDATOR OF DELLIS CONSTRUCTION LTD., MARJORIE KINAY, CENK KINAY, THE SUU HOTELS, TRINIDAD AND TOBAGO UNIT TRUST CORPORATION, MANDARIN ORIENTAL HOTEL GROUP INTERNATIONAL LTD., MANDARIN ORIENTAL MANAGEMENT (BVI) LTD., MER INSAAT, HALIS SUMER, and AVATAR REAL ESTATE SERVICES, LLC, <br><br> Defendants. | Civil Action No. 11-CV-00606 (RJS) <br><br><br><br><br><br><br><br><br><br><br> **AFFIDAVIT OF TODD E. SOLOWAY IN FURTHER OPPOSITION TO KINAY DEFENDANTS' <u>MOTION TO DISMISS</u>** |

STATE OF NEW YORK    )
                     )   SS.:
COUNTY OF NEW YORK   )

TODD E. SOLOWAY, being duly sworn, deposes and says:

1. I am a partner with the law firm of Pryor Cashman LLP, attorneys for Plaintiffs in the above-entitled action and am duly admitted to practice before this Court, and am fully familiar with all of the facts and circumstances set forth herein.

2. I make this Affidavit pursuant to the Court's March 14, 2012 Order, which directed the parties to "submit affidavits attaching the contracts and/or agreements, including the forum selection clause, between Plaintiffs and Defendants related to the Project in Turks & Caicos," and "informing the Court of the status of litigation, in Turks & Caicos and elsewhere, involving current and former parties in the above-captioned matter and all parties to agreements related to the Project no later than March 19, 2012."

I. **The Forum Selection Clause**

3. Subject to the Condominium Offering Plan approved by and filed with the New York State Attorney General, relevant portions of which are annexed to Plaintiffs' prior opposition papers as Exhibit 3 to the Soloway Declaration,[1] each Purchaser: (i) purchased a residential lot from defendant Turks Ltd. ("Turks") pursuant to an Agreement for Sale and Purchase of a Residential Lot (the "Sale Agreements"); and (ii) entered in to a Construction Agreement with defendant Dellis Construction Ltd. ("DCL") for the construction of a Villa on their residential lot.

---

[1] The New York Court of Appeals recently recognized that common law claims such as those asserted by Plaintiffs are permitted under the Martin Act. *See Assured Guaranty (UK), Ltd. v. J.P. Morgan Investment Management Inc.*, 18 N.Y.3d 341, 353 (2011) ("Moreover, as Judge Marrero observed recently, to hold that the Martin Act precludes properly pleaded common-law actions would leave the marketplace 'less protected than it was before the Martin Act's passage, which can hardly have been the goal of its drafters' (Anwar v. Fairfield Greenwich Ltd., 728 F Supp 2d 354, 371 [SD NY 2010]). For all of these reasons, we conclude that plaintiff's breach of fiduciary duty and gross negligence claims are not barred by the Martin Act.").

2

4. True and correct copies of the Sale Agreements and Construction Agreements for each Purchaser are annexed hereto as Exhibits 1 through 9.[2]

5. The Sale Agreements contain a forum selection clause at Paragraph 28 providing, *inter alia*, that the parties consent to jurisdiction of the Turks and Caicos Supreme Court "in respect of all matters arising herein."

6. The scope of the clause is limited and does not apply to Plaintiffs' claims. Courts recognize that the words "arise out of" in forum selection clauses "do not encompass all claims that have some possible relationship with the contract, including claims that may only 'relate to,' be 'associated with,' or 'arise in connection with' the contract." *In re Optimal U.S. Litigation*, 10 Civ. 4095 (SAS), 2011 U.S. Dist. LEXIS 46745, at *24 (S.D.N.Y. May 2, 2011) (internal citation and quotations omitted). And there is "no reason to presume the parties meant anything other than the dictionary definition of the term ["to arise under"]: to originate from a specified source." *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 390 (2d Cir. 2007). "This meaning is especially likely where parties wishing to designate a mandatory forum to hear a broader categories of disputes are free to do so." *Id.*

7. Applying this framework here, Plaintiffs do not assert any rights or duties under the Agreements in bringing their claims. Rather, the substance of those claims is that defendants Cem Kinay ("Kinay") and Oguz Serim, both individually and through a web of alter-ego entities, fraudulently induced the Purchasers to purchase their lots and contract for the development of their Villas while knowing that the Project already was doomed, then continued to induce the

---

[2] The Construction Agreement typically was annexed to the Sale Agreement as Schedule A. The Sale Agreements typically also annex several other schedules that can be provided to the Court upon request.

3

Purchasers to keep pouring money into the Project, before abruptly cancelling the Project and absconding with tens of millions of dollars from Project funds.[3]

8.  To state their claims, Plaintiffs will need to prove facts meeting the traditional fraud elements, which do not "arise" out of the Agreements.[4] Rather, they arise out of Kinay's extra-contractual conduct in misrepresenting various aspects of the Project and improperly lining his own pockets with Project funds.

## II. Status Of The Turks And Caicos Action

9.  On November 11, 2011, Plaintiffs commenced a proceeding against TTUTC, former defendant Mandarin Oriental Hotel Group International Ltd. ("MOHGIL"), Mandarin Oriental Overseas Management Ltd. ("MOOML") and former defendant Mandarin Oriental Management (BVI) Ltd. ("MOMBVIL") in Turks and Caicos Supreme Court by filing a Writ of Summons and Statement of Claim (true and correct copies of which are annexed hereto as Exhibits 10, and 11, respectively).

10. Under Turks and Caicos law, the next step required Plaintiffs to receive the court's permission to serve process outside of Turks and Caicos.

---

[3] As alleged in the Complaint, defendant Mer Insaat (which defendant Halis Sumer controls) was the other party to a purported joint venture (in DCL) that was formed solely for the purpose of increasing DCL's legitimacy in the eyes of potential purchasing and financing sources. Once Kinay ultimately acquired financing, he quickly terminated the arrangement with Mer (which transferred its shares to Kinay) after having paid off Mer and Sumer in sums totaling over a half-million dollars. Plaintiffs allege that the fourth Kinay Defendant—Marjorie Kinay—now is helping Kinay and Serim launder assets to avoid creditors.

[4] The Kinay Defendants are not party to either the Sale Agreements or the Construction Agreements.

4

11. TTUTC subsequently accepted service on their attorneys, which was effected on December 21, 2011.[5] MOHGIL was served on March 8, 2012, MOMBVIL was served on March 13, 2012, and MOOML was served on March 14, 2012.

12. After service is effected, the general rule in Turks and Caicos is that an overseas defendant has 28 days to indicate whether it intends to defend the action, subject to extension. If a defendant fails to indicate that it intends to defend, the Plaintiff may enter a default judgment. If, on the other hand, a defendant indicates an intent to defend, it then has 14 additional days in which to file and serve its defense. As in the U.S., a defendant may make a motion to dismiss (called a "strike out" motion in Turks and Caicos).

13. Plaintiffs have not commenced any other proceeding in Turks and Caicos or elsewhere.

Dated: New York, New York
March 19, 2012

_____
Todd E. Soloway

Sworn to before me this 19th
day of March, 2011

_____
Notary Public

SARAH K. HOWELL
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01HO6117436
QUALIFIED IN QUEENS COUNTY
COMMISSION EXPIRES OCTOBER 25, 2012

---

[5] TTUTC, without notice to Plaintiffs, requested, and was granted, an extension of time in which to respond to the Statement of Claim. Plaintiffs' Turks and Caicos counsel has asked the Court to relist TTUTC's application for an *inter partes* hearing and is awaiting a response.

5